The document below is hereby signed.

Signed: May 11, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PIERRE PHILIPPE BARKATS, | ) | Case No. 14-00053 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WENDELL W. WEBSTER, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 18-10021 |
| RONDI WALKER, M.D., *et al.*, | ) | |
| | ) | Not for publication in |
| Defendants. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND
ORDER MODIFYING ORDER THAT DISMISSED THE DISTRICT
OF COLUMBIA AND MAKING THE DISTRICT OF COLUMBIA A
PARTY FOR PURPOSES OF PLAINTIFF'S CLAIM OF INTERPLEADER
<u>ADDED AFTER THE DISTRICT OF COLUMBIA HAD BEEN DISMISSED</u>

Based on filings relating to the District of Columbia in this case (see Dkt. Nos. 48, 70, and 180), it appears that the District of Columbia has a tax lien recorded on September 20, 2016, in the amount of $87,973.62 against Walker's interest in

the proceeds of the sale of the property (the "Property") that she previously owned with the debtor as tenants by the entireties. Webster had made the District of Columbia a party to this adversary proceeding and objected to the District's "assertion of . . . [its] claim as a lien against the property of the estate" as the lien was filed after the Order for Relief was entered. Complaint, ¶ 38(g). The District of Columbia filed a motion to dismiss, making clear that it only asserted a lien against whatever interest Rondi Walker has in the Property. The court entered a consent order on October 22, 2018 (Dkt. No. 70) decreeing that "the District of Columbia's lien will attach to the proceeds of whatever the court determines is the extent of Dr. Walker's interest in the property." That order dismissed Webster's claims against the District of Columbia.

However, as the case later progressed, the court entered a scheduling order on August 28, 2019 (Dkt. No. 118) treating the adversary proceeding as an interpleader action to determine which lienors were entitled to be paid from the proceeds of a sale of the Property. Unfortunately, steps were not taken to reinstate the District of Columbia as a party, for purposes of interpleader, to assert its lien against Walker's interest in the proceeds of the sale. In the *Memorandum Decision and Order* of April 1, 2020 (Dkt. No. 174), I forgot that the District of Columbia had a lien on Dr. Walker's interest in the Property. On

April 9, 2020, the District of Columbia filed a *Praecipe Regarding Court's Memorandum Decision and Order* (Dkt. No. 180), noting its tax lien and seeking clarification regarding the continued validity of the District's tax lien on Walker's interest in the Property.

Under Fed. R. Civ. P. 54(b), the order dismissing the District of Columbia was not a final appealable order and is subject to modification. Now that this adversary proceeding has been converted into an interpleader action, the District of Columbia ought to be allowed to assert its lien against Walker's interest in the Property, and to demonstrate how much it is owed and the level of priority to which that lien is entitled over other liens. Junior lienors (and Walker) would be entitled to contest the validity, priority, and amount of the District of Columbia's asserted senior lien.[1] Webster as trustee needs a ruling as to what should be paid to the District of Columbia that is binding on the District of Columbia and on other parties.

It thus makes sense that the District of Columbia should be treated as a party-defendant to assert its lien claim and to establish how much is owed on its lien claim and the level of its

---

[1] Likewise, if there are lienors who assert that their liens are senior to the District's lien, the District would be entitled to contest the validity, priority, and amount of such liens if they would affect how much the District would receive.

priority.[2]  Interest continues to accrue on liens senior to the District's, and it is in the interest of the District of Columbia and other junior lienors to have a distribution of sale proceeds made sooner rather than later.

It is thus, on the court's own initiative,

ORDERED that the dismissal of the District of Columbia as a party is vacated insofar as the new claim of Webster for interpleader is concerned, but the provision in the order of dismissal that "the District of Columbia's lien will attach to

---

[2] In the *Memorandum Decision and Order* of April 1, 2020, at 32, I noted:

> Aside from receiving $178,257.55 for the Trust for Children, Walker is entitled to receive $1,545,442.74 ($891,300.93 outright and $654,141.81 for the specified loans). That $1,545,442.74 should readily suffice to pay the first five liens on Walker's share of the proceeds. Those liens (the first two IRS tax liens, Democracy Capital's lien, the Atlantic Union lien, and the next IRS tax lien) stood at a total of $1,405,603.55 last fall and ought not exceed $1,544,795.46 now.

(I probably meant to say that the recited liens "ought not exceed $1,545,442.74 now," that is, that they ought not exceed Walker's estimated share of the sale proceeds of $1,545,442.74.)  If the District of Columbia's tax lien is the sixth lien in priority, its claim of $87,973.62, plus interest accrued thereon since September 20, 2016, would come close to exhausting the estimated $1,545,442.74 that Walker is entitled to receive outright.

There remains an issue of whether Walker is entitled in her own right to receive the $178,528.09 for the Trust for Children by way of credits for the alleged hundreds of thousands of dollars she spent on the children's educations, and whether, instead, she must pursue a claim for reimbursement from the Trust (and the extent to which liens on the Property can be asserted against amounts payable to her for reimbursement).

the proceeds of whatever the court determines is the extent of Dr. Walker's interest in the property" remains in place as do other provisions of the order of dismissal.  It is further

ORDERED that within 14 days after entry of this order, the District of Columbia shall file an answer to the complaint (treated as having been amended to assert an interpleader claim requiring lienors to assert their liens against the proceeds of the sale of the Property), asserting in such answer its lien claim against Rondi Walker's interest in the proceeds of the sale of the Property, alleging what amount is owed on that lien claim, and asserting any facts pertaining to the level of priority of its lien claim as against other liens on Rondi Walker's interest in the Property.[3]

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

---

[3] The *District of Columbia's Praecipe Regarding Court's Memorandum Decision and Order* (Dkt. No. 180) filed on April 9, 2020, sets forth the basic information needed for such an answer, but procedurally it is probably best that the District file an answer asserting its lien against the sale proceeds, and that ought not be burdensome to the District.