The document below is hereby signed.

Signed: June 10, 2020



*S. Martin Teel, Jr.*
*/s/ S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PIERRE PHILIPPE BARKATS, | ) | Case No. 14-00053 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WENDELL W. WEBSTER, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 18-10021 |
| RONDI WALKER, M.D., *et al.*, | ) | |
| | ) | Not for publication in |
| Defendants. | ) | West's Bankruptcy Reporter |

<u>MEMORANDUM DECISION RE LINE SEEKING INTERIM DISTRIBUTION</u>

The court assumes that the reader is familiar with the court's earlier rulings in this adversary proceeding. Webster, the IRS, and Democracy Capital have submitted a line requesting entry of a proposed *Interim Distribution Order* calling for distributions on the IRS's liens for Walker's income tax liabilities for 2012 and 2013 and Democracy Capital's claim for

amounts owed other than attorney's fees incurred after May 15, 2020.  The proposed *Interim Distribution Order* would direct:

> a. Payment shall be made to the order of the United States in the amount of $187,380.10, plus an additional $25.57 per day after July 2, 2020, in satisfaction of the income tax liabilities of Dr. Rondi Walker for tax year 2012.
>
> b. Payment shall be made to the order of the United States in the amount of $185,593.15, plus an additional $25.30 per day after July 2, 2020, in satisfaction of the income tax liabilities of Dr. Rondi Walker for tax year 2013.
>
> c. Payment shall be made to the order of Democracy Capital Corporation in the amount of $883,934.96, plus an additional $107.95 per day after June 15, 2020, in partial satisfaction of the debt secured by its deed of trust filed on August 20, 2014.  The amounts paid to Democracy Capital is in partial satisfaction because Democracy Capital may assert claims for additional professional fees as a part of its secured claim.

1. *Appropriateness of Making the Interim Distributions*. The three claims to be paid under the proposed *Interim Distribution Order* are secured by liens against Walker's interest in the sale proceeds held by Webster that clearly are entitled to priority over liens that were filed on later dates with the Recorder of Deeds of the District of Columbia.  The court has already ruled that the bulk of the proceeds held by Webster are property of Walker.  Regardless of the outcome of certain remaining issues in this adversary proceeding not yet resolved, Walker's share of the sale proceeds will well exceed the amounts to be paid under the proposed *Interim Distribution Order*.

Finally, the amounts proposed to be paid on the three claims (with adjustments noted below) are correct and have either not been disputed after opportunity to dispute those amounts or have been upheld after any dispute was raised.

   2.  *IRS Per Diem Amount*.  The IRS appears to have used 5% instead of 3% per annum to calculate the amount of interest accruing each day after July 2, 2020.  The IRS previously filed a statement of what it would be owed through July 2, 2020, and no one timely objected to that statement.  With respect to the tax year 2012, the statement showed $187,380.10 owed as of July 2, 2020.  The *Account Transcript* of April 2020 (attached to the statement) showed that $185,520.83 was owed as of April 20, 2020.  The statement showed an increase to $187,380.10 as of July 2, 2020, which works out to a per diem based on an interest rate of roughly 5% per annum.  Similarly, the per diem shown on the proposed *Interim Distribution Order* of $25.57 per day on $187,380.10 equates to roughly a 5% per annum interest rate.  However, the interest rate on unpaid taxes has decreased to 3% per annum for the third quarter of 2020.  See:

 https://www.irs.gov/newsroom/interest-rates-decrease-for-the-third-quarter-of-2020.

Accordingly, the per diem addition of $25.57 per day after July 2, 2020, for the tax debt due for the year 2012 may be in error.[1]  In any event, unless there were to be a stay of the *Interim Distribution Order*, the IRS ought to be paid by July 2, 2020.  I will alter the proposed *Interim Distribution Order* to leave interest accruing after July 2, 2020, on the liability for 2012 for another day.  If the trustee makes the payment before July 2, 2020, he should reduce the payment by the stated $25.57 per day that he makes the payment earlier than July 2, 2020, without prejudice to the IRS seeking additional interest if that results in the IRS not having received the full amount of interest to which the IRS is entitled.

---

[1]  It is impossible to supply a daily per diem if one compounds interest daily as authorized by 26 U.S.C. § 6605.  For example, using:

https://www.thecalculatorsite.com/finance/calculators/compoundinterestcalculator.php

and computing interest of 3% per annum, compounded daily, for three consecutive months, interest on $187,380.10 is:

$469.02 for the first month (not $468.45 using simple interest: (.03 x $187,380.10)/12) = $468.45);

$470.19 for the next month; and

$471.37 for the next month.

There is no fixed interest accrual per day.  The IRS appears to have dropped compounding of interest after April 20, 2020, in order to provide a fixed interest accrual per day.  But even with compounding of interest, the amount of interest accrued for any day in July 2020 would be less than $25.57 if one uses 3% per annum as the interest rate instead of 5% per annum.

4

The same apparent error of using 5% per annum instead of 3% per annum to calculate the per diem rate also applies to the income tax liability for 2013, for which the proposed *Interim Distribution Order* shows $25.30 per day being owed after July 2, 2020, on a debt as of July 2, 2020, of $185,593.15, versus the $183,751.61 that the *Account Transcript* showed was owed as of April 20, 2020.  I will alter the proposed *Interim Distribution Order* to leave interest accruing after July 2, 2020, on the liability for 2013 for another day.  If the trustee makes the payment before July 2, 2020, he should reduce the payment by the stated $25.30 for each day that he makes the payment prior to July 2, 2020, without prejudice to the IRS seeking additional interest if that results in the IRS not having received the full amount of interest to which the IRS is entitled.

Because the annual rate of interest will be 3% per annum instead of 5% per annum for July 1 and 2, 2020, the IRS's calculation of the amount owed as of July 2, 2020, necessarily included excessive interest for those two days.  By my calculation, there has been an overstatement of interest of no more than $21 for 2012 and of no more than $21 for 2013.  I will reduce the amount owed for each year as of July 2, 2020, by $21, without prejudice to the IRS seeking an upward adjustment of the interest owed.

    2.   *Error of $4.00 Regarding Amount Owed to Democracy*

*Capital as of June 15, 2020*. The proposed *Interim Distribution Order* shows Democracy Capital owed $883,934.96 as of June 15, 2020. The uncontested earlier statement Democracy Capital filed on May 1, 2020 (Dkt. No. 189) showed Democracy Capital entitled to interest of $107.95 per day after May 31, 2020, and showed that it was owed $876,741.31 as of May 31, 2020. Additional allowed attorney's fees brought that to $882,311.71. Interest at $107.95 per day after May 31, 2020, would result in $1,619.25 in additional interest as of June 15, 2020, for a total owed that date of $883,930.96, which is $4.00 less than what the proposed *Interim Distribution Order* would treat Democracy Capital as owed on June 15, 2020. I will adjust the proposed *Interim Distribution Order* to eliminate that $4.00 error.

    4. *Conclusion*. An *Interim Distribution Order* follows with the adjustments set forth above. The *Interim Distribution Order* will be stayed for 14 days.

                                                        [Signed and dated above.]

Copies to: All counsel of record.