The document below is hereby signed.

Signed: July 27, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PIERRE PHILIPPE BARKATS, | ) | Case No. 14-00053 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WENDELL W. WEBSTER, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 18-10021 |
| RONDI WALKER, M.D., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER
DENYING UNITED STATES' MOTION FOR
PERMISSION TO SERVE A NOTICE OF LEVY ON THE CHAPTER 7 TRUSTEE

The United States holds tax liens against all property and rights to property of Rondi Walker, M.D.  In its *Motion for Permission to Serve a Notice of Levy on the Chapter 7 Trustee*, the United States seeks leave to serve a notice of levy under 26

U.S.C. § 6331(a) on the plaintiff, Wendell W. Webster, trustee of the bankruptcy estate of Pierre Barkats, to seize funds held by Webster, proceeds of a sale of real property (the "Property"). Specifically, the United States seeks authority to levy on funds that this court has held are payable to a Trust for Children pursuant to the terms of a *Marital Settlement Agreement* between Dr. Walker and Barkats. I will deny the *Motion* for the following reasons.

I

Pursuant to 11 U.S.C. § 363(h), the court authorized a sale of not only Barkats' interest in the Property but also Dr. Walker's interest in the Property. Pursuant to 11 U.S.C. § 363(f), Webster sold the Property free and clear of liens, with the liens attaching to the proceeds of the sale. This court has subject matter jurisdiction under 28 U.S.C. § 1334(b) as part and parcel of authorizing that sale to determine what liens attached to the proceeds of the sale of the Property and to direct the distribution of the proceeds according to the priority of the liens.[1]

Not until June 4, 2020, many months after the sale of the Property, did Barkats and Dr. Walker execute a trust agreement forming the Trust for Children (and naming it the Barkats Walker

---

[1] For example, the court has already decided pursuant to that jurisdiction that the Unite States' first two Federal tax liens attached to proceeds owed to Dr. Walker under the terms of the *Marital Settlement Agreement*, and then directed the payment of those first two tax liens from the sale proceeds.

Children's Trust) and appoint a trustee.[2] The United States contends that the proceeds payable to the Trust for Children became subject to the Federal tax liens because the *Marital Settlement Agreement* designated Dr. Walker as the recipient of that portion of the funds destined for the Trust, and that these funds, flowing first to Dr. Walker, became subject to the Federal tax liens, and thus may be seized by levy under 26 U.S.C. § 6331(a).[3] If the United States is correct, then incident to determining the extent and priority of liens on the proceeds, the court can decree that the funds earmarked for the Trust for Children are subject to the Federal tax liens, and direct their payment if senior liens on those funds are satisfied from other proceeds of the sale belonging to Dr. Walker. There is no need

---

[2] Paragraph 5 of the *Marital Settlement Agreement* required Barkats and Dr. Walker to form "a trust or trusts for the benefit of their children," and directed: "Each disbursement from the trust(s) shall be authorized in writing by both Mr. Barkats and Dr. Walker." No one has suggested that this eventual right to approve disbursements from the Trust for Children resulted in Barkats and Dr. Walker continuing to be owners of the funds to be placed in the Trust for Children. Under the *Marital Settlement Agreement*, Dr. Walker had an option to purchase the Property, an option that required her, upon an exercise of that option, to fund the Trust for Children. She sought to be relieved of that obligation because, with the passage of months after execution of the *Marital Settlement Agreement*, she had covered many of the expenses that were to be covered by the Trust for Children. The Court of Appeals for the District of Columbia ruled against her, but noted that she might have a right to seek reimbursement from the Trust for Children.

[3] Section 6331(a) authorizes "levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax."

for a notice of levy in order for the United States to be sure that it will receive the funds subject to its tax liens (to the extent enjoying a priority over other liens). If the court authorized the United States to serve a notice of levy as requested, that could interfere with and delay the rights of other entities who held liens on Dr. Walker's interest in the Property and who have priority over at least some of the Federal tax liens.[4] In those circumstances, when the court is already adjudicating who is entitled to the proceeds of the sale, it would not make sense to grant permission to serve a notice of levy as requested.

II

To the extent that the court decides that the funds destined for the Trust for Children are *not* subject to the tax liens for Dr. Walker's tax liabilities there is no right in the United States to serve a notice of levy on Webster. The United States asserts that Dr. Walker has a right to reimbursement from the

---

[4] For example, Candela Corporation and Direct Capital Corporation have judgment liens against Dr. Walker's interest in the Property (and hence against the proceeds of the sale belonging to her) that are superior to some of the Federal tax liens. It seems likely that if the Federal tax liens attached to the proceeds destined for the Trust for Children, then these judgment liens attached to those proceeds as well. If the United States levied on the funds destined for the Trust for Children, those judgment lienors could sue the United States under 26 U.S.C. § 7426 for wrongful levy (based on any superior liens they have on the funds destined for the Trust for Children). However, that would add legal expense to them when the issues of lien priorities are already being decided in this adversary proceeding.

Trust for Children for expenditures she made that the *Marital Settlement Agreement* had contemplated would be funded by the Trust for Children. The tax liens may have attached to that right of reimbursement from the Trust for Children, but that would not alter the fact that the tax liens have *not* attached to the funds held by Webster that are payable to the Trust for Children.

Any obligation to reimburse Dr. Walker does not run from the bankruptcy trustee; instead, it runs from the Trust for Children. Max Macoby is the trustee of the Trust for Children. If there is a right to reimbursement to which the Federal tax liens attached, no permission is required for the United States to sue Macoby to enforce those tax liens against the Trust for Children or to serve a notice of levy on Macoby as an alleged account obligor owing funds to Dr. Walker.

Any dispute between the Trust for Children and the United States as to whether there is a right of reimbursement has no impact on this court's division of the proceeds of the sale. The court has to decide whether the Trust for Children is entitled to a portion of the proceeds under the terms of the *Marital Settlement Agreement*. If the Trust for Children is determined to be entitled to a portion of the proceeds, and the United States has no lien on that portion of the proceeds, the issue of whether there is right to reimbursement enforceable by way of levy on the Trust for Children as Dr. Walker's account obligor will be a

dispute between the United States and the Trust for Children over which this court has no subject matter jurisdiction under 28 U.S.C. § 1334(b).  The dispute does not arise under the Bankruptcy Code.  Nor does it "arise in" the bankruptcy case, as it is not a dispute that could have its existence only in the bankruptcy case.  *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) (holding that "'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy . . . .") (footnote omitted); *In re Akl*, 397 B.R. 546, 550 (Bankr. D.D.C. 2008) (a proceeding that does not concern the administration of the case is not a proceeding "arising in" the case).  Finally, resolution of that dispute would have no impact on the administration of the bankruptcy estate such as to be "related to" the bankruptcy case.  *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

### III

I do not decide whether, as argued by the United States, the tax liens of the United States against Dr. Walker's property rights attached to the proceeds destined for the Trust for Children.  At the further hearing set in this adversary proceeding on August 5, 2020, the court can set a schedule for adjudicating that issue if it is an issue upon which further evidence is required or if the parties seek further briefing.

IV

In accordance with the foregoing, it is

ORDERED that the *Motion for Permission to Serve a Notice of Levy on the Chapter 7 Trustee* is DENIED.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.